Natalie A. Remien
REMIEN LAW, INC.
8 S. Michigan Ave. Suite 2600
Chicago, Illinois 60603
(312) 332.0606

Attorneys for Plaintiff Re:Invention Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RE:INVENTION, INC. <br> an Illinois corporation, | ) ) ) | CASE NO. |
| Plaintiffs, | ) ) ) | COMPLAINT |
| v. | ) ) | |
| REINVENTION, LLC, <br> a Delaware Limited Liability Company, | ) ) ) | |
| Defendant. | ) ) ) ) ) ) ) ) | |

**COMPLAINT AND DEMAND FOR JURY**

Plaintiff Re:Invention, Inc. ("Reinvention" or "Plaintiff") for its Complaint against defendant Reinvention, LLC ( "LLC" or "Defendants") seeking damages and other relief for trademark infringement alleges as follows:

**PARTIES**

1. Reinvention is an Illinois corporation, having its principal place of business at 826 Orange Ave., Suite 602, San Diego, California, 92118. On information and belief, Defendant is a Delaware Limited Liability Company, having its principal place of business at 264 Riverside Ave., Westport, Connecticut, 06880.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Reinvention's trademark infringement claim under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1114.

3. This Court has personal jurisdiction over Defendant because it has transacted and is transacting business in this District, and has offered for sale, distributed, advertised and/or sold services that infringe the trademark in this judicial district.

4. Venue properly lies in this Court under 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction and has committed acts of trademark infringement in this District.

## BACKGROUND

## DEFENDANT INFRINGES REINVENTION'S TRADEMARK

5. Since at least as early as 2003, Reinvention has been providing full-service marketing services to small and mid-size companies nationwide, using the trademark RE:INVENTION ("Reinvention's Mark").

6. Reinvention's Mark is distinctive and identifies Reinvention as the source of its services. Additionally, it is the owner of a federal trademark registration for RE:INVENTION (Reg. No. 4,118,739).

7. Defendant uses, advertises, distributes, offers for sale, and/or sells its services under "Reinvention", which infringe Reinvention's Mark.

8. Defendant is the registrant of the website <www.reinvention.com> and uses it in connection with "Reinvention" and the use, advertising, distribution, offering for sale, and/or selling its services.

9. Finally, Defendant has filed a federal trademark application (Ser. No. 85/563,989) for REINVENTION ("Defendant's Application"). The Examining Attorney for the United States Patent and Trademark Office ("USPTO") has refused registration of Defendant's Application, citing a likelihood of confusion with Reinvention's Mark.

## COUNT I

**Infringement of Reinvention's RE:INVENTION mark Under 15 U.S.C. §1114**

10. Reinvention re-alleges and incorporates by reference the allegations in Paragraphs 1 through 9 of its Complaint.

11. Reinvention is the owner of a federal trademark registration for RE:INVENTION (Reg. No. 4,118,739).

3

12. Upon information and belief, Defendant intends to continue willfully, knowingly and intentionally violating Reinvention's rights under 15 USC § 1114(1) by its use of Reinvention's Mark in connection with the advertisement, offering for sale, and/or sale of its services.

13. Defendant deceptively used, and continues to use, a virtually identical mark, which is likely to cause confusion, to cause mistake, or to deceive as to the source of Defendant's services.

14. Defendant's acts are calculated to deceive, or are likely to deceive, the public who recognizes and associates the Reinvention Mark with Reinvention. Moreover, this conduct is likely to cause confusion, to cause mistake, or to deceive the public as to the source of Defendant's services.

15. By reason of Defendant's conduct as alleged above, Reinvention has suffered, and will continue to suffer, damage to its operation, ability to garner clients through its website, reputation and goodwill, and will suffer the loss of sales and profits.

16. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Reinvention. As a result, Reinvention has no adequate remedy at law.

**RELIEF REQUESTED**

WHEREFORE, Reinvention requests that the Court enter a judgment in Reinvention's favor and against Defendant and provide Reinvention the following relief:

A. Order, adjudge, and decree that Defendant has infringed the Reinvention Mark under 15 U.S.C. § 1114(1);

B. Order, adjudge, and decree that Defendant willfully and knowingly infringed the Reinvention Mark;

C. Order Defendant to assign the domain name <www.reinvention.com> to Reinvention.

D. Order Defendant and its respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with it to refrain permanently from any use of the mark REINVENTION or any colorable imitation with respect to its services or any data collection, marketing or other confusingly similar services.

E. Award Reinvention damages for trademark infringement including prejudgment interest and costs against Defendant under 15 U.S.C. § 1117;

F. Award Reinvention three times its damages to compensate Reinvention under 15 U.S.C. § 1117;

G. Award Reinvention its reasonable attorneys' fees and costs under 15 U.S.C. § 1117; and

H. Award such other and further relief as the Court may deem just.

Dated: September 27, 2012

Respectfully submitted,

REINVENTION, INC.

    /s/ Natalie A. Remien
Natalie A. Remien

Natalie A. Remien
REMIEN LAW, INC.
8 S. Michigan Ave. Suite 2600
Chicago, Illinois 60603
(312) 332.0606
natalie@remienlaw.com